In the Matter of the Involuntary Termination of the Parent–Child Relationship of H.T., Minor Child, and Her Mother, R.T.,

R.T. (Mother), Appellant–Respondent,

v.

Department of Child Services, Local Office in Marion County, Appellee–Petitioner,

Child Advocates, Inc., Co–Appellee– Guardian Ad Litem.

No. 49A02–0805–JV–452.

Court of Appeals of Indiana.

Dec. 10, 2008.

Publication Ordered July 14, 2009.

Steven J. Halbert, Carmel, IN, Attorney for Appellant.

Elizabeth A. Gamboa, Department of Child Services, Johnson County Office, Franklin, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

Robin T. ("Mother") appeals the juvenile court's involuntary termination of her parental rights to her son, H.T. The sole issue on appeal is whether the termination order should be set aside because the Marion County Department of Child Services ("MCDCS") failed to provide Mother with adequate notice of the termination hearing.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the juvenile court's judgment reveal that, on November 22, 2005, MCDCS filed a petition alleging H.T. was a child in need of services ("CHINS").[1] Because Mother failed to participate in and successfully complete court-ordered services designed to facilitate reunification of the family during the ensuing months, MCDCS filed a petition for the involuntary termination of Mother's parental rights to H.T. on November 8, 2007.

An initial hearing on the termination petition was held on November 8, 2007. Mother failed to appear. The initial hearing was rescheduled for January 16, 2008, and again on January 30, 2008. Mother failed to appear at these hearings as well. On January 31, 2008, MCDCS filed a Praecipe for Service by Publication. Mother was subsequently served with notice of the termination proceedings by publication in a local newspaper of general circulation on February 20, 2008, February 27, 2008, and March 5, 2008.

A fact-finding hearing on the termination petition was held on March 28, 2008. Mother failed to appear and was not represented by counsel. During the termination hearing, MCDCS case manager Patsy Newson was questioned as to whether Mother was notified of the "termination proceedings." *Tr.* at 20. Newson informed the court that she mailed notification to Mother's last known address and that notice of "these proceedings" was also served by publication. Copies of the newspaper articles were then admitted as Petitioner's Exhibit 12 and read in pertinent part as follows:

> Notice is hereby given that the Marion County Department of Child Services, by its attorney . . . has filed a complaint in the above cause stating that [Mother] is/are necessary parties whose residence

---

1. H.T.'s alleged biological father, Dale D., whose parental rights were also involuntarily terminated by the juvenile court on March 28, 2008, does not participate in this appeal. Consequently, we limit our recitation of the facts to those pertinent solely to Mother's appeal.

is/are unknown that this is an action to terminate the parent-child relationship and that that (sic) unless they appear in said Court and answer to the petition *by the 1st day of April, 2008,* a judgment by default *may* be entered against them for the relief requested in the complaint. Pet'r's Ex. 12 at 32 (emphasis added). On the same day, the juvenile court issued its judgment terminating Mother's parental rights to H.T. Mother now appeals.

### DISCUSSION AND DECISION

■ Mother's sole argument on appeal is that the juvenile court's judgment terminating her parental rights to H.T. should be reversed because MCDCS failed to provide her with proper notice of the termination hearing date. We initially observe that this Court has long had a highly deferential standard of review in cases concerning the termination of parental rights. *In re K.S.,* 750 N.E.2d 832, 836 (Ind.Ct.App.2001). Accordingly, we will not set aside the juvenile court's judgment unless it is clearly erroneous. *In re A.A.C.,* 682 N.E.2d 542, 544 (Ind.Ct.App. 1997). In addition, we will not reweigh the evidence or judge the credibility of the witnesses. *In re D.D.,* 804 N.E.2d 258, 264 (Ind.Ct.App.2004), *trans. denied.* Instead, we consider only the evidence and reasonable inferences that are most favorable to the judgment. *Id.*

■ The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution. *In re M.B.,* 666 N.E.2d 73, 76 (Ind. Ct.App.1996), *trans. denied.* Although parental rights are of a constitutional dimension, these rights are not absolute, and the law provides for the termination of parental rights when a parent is unable or unwilling to meet his or her parental responsibilities. *In re R.S.,* 774 N.E.2d 927, 930

(Ind.Ct.App.2002). Nevertheless, the involuntary termination of parental rights is the most extreme sanction that a court can impose on a parent because termination severs all rights of the parent to his or her children. *In re L.S.,* 717 N.E.2d 204, 208 (Ind.Ct.App.1999), *trans. denied.* Involuntary termination should therefore only occur as a last resort, available only when all other reasonable efforts have failed. *Id.*

■ It is well-settled that the State must satisfy the requirements of the Due Process Clause of the Fourteenth Amendment to the United State Constitution when it seeks to terminate a parent-child relationship. *Castro v. State Office of Family & Children,* 842 N.E.2d 367, 375 (Ind.Ct.App.2006), *trans. denied.* Although due process has never been precisely defined, it requires "an opportunity to be heard, and an opportunity to confront witnesses." *In re M.L.K.,* 751 N.E.2d 293, 295–96 (Ind.Ct.App.2001). Thus, before an action affecting a party's interest can proceed, "the State, at a minimum, must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 296.

Presumably because of the significance of the interests at stake in a termination proceeding, our legislature has enacted an additional notice requirement, found in Indiana Code section 31–35–2–6.5(b), that requires the person or entity that filed a termination petition (here, MCDCS) to send notice of the termination hearing to the parent at least ten days prior to the hearing date. Mother claims on appeal that although the "notice published by [MCDCS] meets the requirements of Trial Rule 4.13 and was sufficient for the juvenile court to obtain jurisdiction over [Mother] and to notify her that a termi-

nation petition had been filed[,]" it nevertheless was "obviously deficient" under Indiana Code section 31–35–2–6.5 because it failed to notify Mother of the termination hearing that had been scheduled for March 28, 2008. *Appellant's App.* at 4. We agree.

To comply with the notice requirements of Indiana Code section 31–35–2–6.5, MCDCS need only meet the requirements of Trial Rule 5. As we have previously explained:

> While service of process [provided for under Trial Rule 4] serves to provide notice of the proceeding, it has a constitutional component and is a prerequisite to jurisdiction. *The notice of the hearing which is required by IC 31–35–2–6.5 is a statutory procedural requirement which does not rise to constitutional dimension.* Paragraph (b) of the statute provides that the petitioner shall 'send notice.' It does not provide for service of process. Trial Rules 4 to 4.17 govern service of process. Rule 5 governs service of subsequent papers and pleadings in the action; Trial Rule 5(B) sets out how service can be accomplished.
>
> * * *
>
> *No constitutional, statutory, or procedural provision requires service of the notice of the hearing to rise to the same level as service of process.* To impose such a requirement would permit a parent or other party entitled to notice to frustrate the process by failing to provide a correct address and would add unnecessarily to the expense and delay in termination proceedings when existing provisions adequately safeguard a parent's due process rights.

*In re A.C.,* 770 N.E.2d 947, 950 (Ind.Ct. App.2002) (emphasis added). Thus, contrary to MCDCS's argument on appeal, whether MCDCS properly complied with the constitutional requirements of services of process has no bearing on whether it complied with the statutory requirement of Indiana Code section 31–35–2–6.5 that notice of the date of a termination proceeding be sent to Mother. *See In re C.C.,* 788 N.E.2d 847, 851 (Ind.Ct.App.2003) (stating Indiana Code section 31–35–2–6.5 does not require compliance with Trial Rule 4, which governs service of process and incorporates a jurisdictional component), *trans. denied.*

■■■ "Compliance with the statutory procedure of the juvenile code is mandatory to effect termination of parental rights." *In re T.W.,* 831 N.E.2d 1242, 1246 (Ind.Ct. App.2005). Indiana Code section 31–35–2–6.5(b) requires MCDCS to send parents notice of a hearing on a petition or motion filed under this chapter at least ten days prior to the hearing. This statutory notice is a "procedural precedent that must be performed prior to commencing an action[.]" *T.W.,* 831 N.E.2d at 1246. Thus, Mother was entitled to notice as to the date, time, and location of the termination hearing ten days before it occurred. *See* I.C. § 31–35–2–6.5; *see also In re E.E.,* 853 N.E.2d 1037, 1042 (Ind.Ct.App.2006) (stating that DCS's notice of termination hearing that listed both "first choice" and "second choice" dates was ambiguous and therefore did not reasonably notify Father of hearing), *trans. denied.*

MCDCS failed to provide Mother with essential information including the date, time, and location of the March 28, 2008 termination hearing. In fact, the evidence indicates that the only notice provided to Mother was a general notice of the termination proceedings which specifically informed Mother that she had "until April 1st, 2008" to respond to the complaint before her parental rights "may" be terminated. *Pet'r's Ex.* 12 at 32. As a result,

Mother's statutory right to notice of the termination hearing pursuant to Indiana Code section 31–35–2–6.5 was fatally compromised. We therefore reverse the juvenile court's judgment terminating Mother's parental rights and remand this cause for a new termination hearing.

Reversed and remanded with instructions.

VAIDIK, J., and CRONE, J., concur.

### ORDER

Appellant R.T., by counsel, has filed a Verified Motion for Publication.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Verified Motion for Publication is GRANTED. This court's opinion handed down in this cause on December 10, 2008, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

KIRSCH, VAIDIK, CRONE, JJ., concur.